UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARNELL SOOTER,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-cv-1832 |
| **SIEMENS INDUSTRY, INC., SIEMENS WATER TECHNOLOGIES HOLDING CORP., SIEMENS WATER TECHNOLOGIES, LLC,** | § § § § § § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Darnell Sooter's Motion for Reconsideration (Doc. No. 69). Because Ms. Sooter has not adduced any new evidence and does not present any legal arguments that the Court has not already considered and rejected, her Motion must be denied.

### I.     BACKGROUND

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* Plaintiff Darnell Sooter worked as a Mobile Manager for Defendants, and reported to Branch Manager Marvin Randall.[1] On August 30, 2011, Mr. Randall placed Ms. Sooter on a sixty-day Performance Improvement Plan (PIP). The PIP identified ten objectives Ms. Sooter was to accomplish within certain deadlines. The PIP informed Ms. Sooter that failure to meet these deadlines could result in disciplinary action, including termination of employment.

---

[1] The following facts are taken from the parties' briefing on summary judgment. (Doc. Nos. 42, 50, 52.) There appears to be no material disagreement between the parties as to these facts.

1

Because, in his estimation, Ms. Sooter failed to complete the PIP objectives, Mr. Randall concluded that she did not have the skills to continue as a Mobile Manager. He wrote a memorandum on December 12, 2011 explaining his conclusion, and then discussed his options with Krista Larson, a Human Resources Business Consultant, and his own supervisor, Bill Lundy. Following these consultations, Mr. Randall decided to offer Ms. Sooter two options; she could transfer to a newly created administrative position, or she could accept a severance package under the company's severance plan. Mr. Randall and Ms. Larson presented these options to Ms. Sooter on January 6, 2012, and Ms. Sooter accepted the administrative position on January 11, 2012. Mark Shanks replaced Ms. Sooter in the Mobile Manager position.

Ms. Sooter filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on December 30, 2011, claiming both gender discrimination and retaliation. Ms. Sooter filed this lawsuit after receiving her Notice of Right to Sue from the EEOC. During a deposition taken on November 7, 2013, Ms. Sooter admitted that she had sent confidential company documents from her company email account to her personal email account and to her mother. She stated that she was aware that the company had a confidentiality policy, and acknowledged signing a confidentiality agreement which prohibited her from sharing documents or information outside the office. She also admitted that she did not ask for or receive permission to take these documents.

Upon learning that Ms. Sooter took thousands of pages of documents in violation of the company's confidentiality policy, Defendants suspended her employment with pay pending an investigation. After confirming that many of the documents contained confidential company information, Mr. Randall terminated Ms. Sooter's employment.

Ms. Sooter filed this lawsuit alleging employment discrimination and retaliation based on gender. (Doc. No. 1.) Defendants moved for summary judgment, arguing that Ms. Sooter had failed to demonstrate that their legitimate, nondiscriminatory and nonretaliatory reasons for the adverse employment actions were pretextual. (Doc. No. 42.) At a hearing on September 2, 2014, the Court granted Defendants' Motion for Summary Judgment. The pending Motion followed.

## II.     LEGAL STANDARDS

Though the Federal Rules of Civil Procedure do not themselves specifically provide for a motion for reconsideration, such motions nevertheless are entertained under the Rules. They are generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e), or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Here, Ms. Sooter appears to seek reconsideration under Rule 59. (Doc. No. 69 at 8.)

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d

473, 479 (5th Cir. 2004); *see also In re Goff*, No. 13-41148, 2014 WL 4160444, *4 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

### III.  DISCUSSION

In her Motion, Ms. Sooter asserts that the Court made clear errors of law and fact in granting Defendants' Motion for Summary Judgment. First, Ms. Sooter argues that the evidence indicates that Mr. Randall was not the sole decisionmaker. She believes that Mr. Randall's reasons for demoting her do not demonstrate that the others involved in this employment decision had nondiscriminatory, nonretaliatory reasons. She therefore maintains that the Court erred by attributing Mr. Randall's reasoning to the other alleged decisionmakers. Further, Ms. Sooter questions the validity of Mr. Randall's reasons for demoting her, and argues that the inadequacy of these reasons is evidence of pretext.

Second, Ms. Sooter alleges that the Court improperly drew inferences in favor of Defendants in granting the Motion for Summary Judgment. Ms. Sooter contends that the Court's decision on the lack of pretext was predicated on inferences about the validity of Mr. Randall's decisionmaking, in violation of the summary judgment standard.

Further, Ms. Sooter claims that there are a number of factual disputes, which the Court erroneously resolved at the summary judgment stage. She argues that there are disputes as to the credibility of the PIP objectives, Ms. Sooter's ability to perform her duties, several instances of retaliatory conduct, and the existence of a company policy on confidentiality. Ms. Sooter believes that the Court should not have denied her the opportunity to present these disputes to a jury.

Finally, Ms. Sooter reiterates her prior request for a stay of this matter pending the resolution of a state court action concerning the confidential documents.

Ms. Sooter's Motion simply revisits issues this Court has already decided, urging arguments this Court has already rejected. This is insufficient to meet her burden under Rule 59. Ms. Sooter previously argued that Mr. Randall was not the sole decisionmaker, and after considering the briefing and arguments, the Court disagreed. Similarly, Ms. Sooter had ample opportunity to demonstrate that Defendants' legitimate, nondiscriminatory and nonretaliatory reasons were pretextual, but was unable to present evidence that Mr. Randall's decisions were motivated by gender-based bias. Ms. Sooter's allegations of factual disputes are not based on new evidence, and are inapposite to the question of pretext.

As the Court noted during the hearing on this matter, the fact that an employment decision was ill-considered is insufficient to demonstrate discrimination. As Ms. Sooter has not clearly established any manifest errors of law or fact in the Court's prior ruling, the Court must **DENY** her Motion for Reconsideration.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 17th day of October, 2014

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE.